**Hamimu MUSSA, Petitioner,**

**v.**

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 05–70751.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Feb. 21, 2008.

Susan Rossiter, Porland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Counsel Department of Homeland Security, Fredric L. Weinhouse, Portland, OR, for Respondent.

Before: SCHROEDER, SILVERMAN and BYBEE, Circuit Judges.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

**638**

## MEMORANDUM **

Hamimu Mussa, a Rwandan national, petitions for review of an order of the Board of Immigration Appeals denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA correctly concluded that Mussa failed to establish that he was subject to past persecution or had a well-founded fear of future persecution even if his testimony is assumed to be credible. *See* 8 U.S.C. § 1101(a)(42)(A).

Mussa admits that he did not personally suffer persecution. The hardships his family experienced in Rwanda may have amounted to persecution, but the evidence does not compel a conclusion that it was on account of his political views. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Mussa was working at sea as a crewman when his family experienced their alleged hardships. The death threat communicated by soldiers to Mussa's wife was prompted by her efforts to keep the house, not by Mussa's political views. There was no evidence that the military's theft of his wife's minivan or his wife's disappearance had any relationship to his political views. According to his own testimony, he lived in Rwanda for over a year while politically active in support of its King and suffered no retribution. Furthermore, Mussa's children and father-in-law remain behind in Rwanda unharmed. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

The petition for review is DENIED.

SILVERMAN, Circuit Judge, dissenting:

Because the BIA assumed Mussa to be credible, so must we. *See Ladha v. INS,*

215 F.3d 889, 901 (9th Cir.2000) (citing *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994)). Mussa testified that when the family's house was commandeered by a military captain, the captain told Mussa's wife that "we know your husband is a supporter of the King and we still haven't forgotten that." When Mussa's wife began legal proceedings to reclaim the house, soldiers threatened to kill Mussa upon his return from sea. Mussa's wife was herself arrested and detained for nine days, after which she fled for Uganda. Two years later, upon being expelled from Uganda, some of her property was confiscated at the Rwandan border. When she returned to the border to reclaim her belongings, she was never seen nor heard from again.

Mussa has thus demonstrated an objectively reasonable basis upon which to conclude that there is at least a ten percent chance that he will suffer politically-motivated persecution if he returns to Rwanda. Combined with his subjective belief that he will be killed or imprisoned upon his return, this is sufficient to establish a well-founded fear of future persecution, which renders Mussa eligible for asylum. *See Njuguna v. Ashcroft,* 374 F.3d 765, 770 (9th Cir.2004). I would grant the petition for review and remand to the BIA for further proceedings.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.